Andrew G. Watters (CA #237990)
181 Second Ave., Ste. 560
San Mateo, CA 94401
(415) 261-8527
andrew@andrewwatters.com

Attorney for Plaintiff
A.C.L. Computers and Software, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SAN FRANCISCO DIVISION

| A.C.L. COMPUTERS AND SOFTWARE, INC., | Case No. |
|---|---|
| Plaintiff, | COMPLAINT |
| v. | 1. CIVIL RACKETEERING<br>2. FRAUD |
| FEDERAL EXPRESS CORPORATION;<br>DOES 1-20, | 3. CONVERSION<br>4. FALSE PERSONATION<br>5. UNFAIR COMPETITION<br>6. BREACH OF CONTRACT |
| Defendants. | 7. NEGLIGENCE |
|  | Jury Trial Demanded |

COMPLAINT

**INTRODUCTION**

1. The purpose of this action is to rectify the bilking of a computer supply company by a criminal racketeering enterprise, which had the negligent assistance of FedEx in committing an estimated $430,000 procurement fraud.

**THE PARTIES**

2. Plaintiff A.C.L. Computers and Software, Inc. ("ACL") is a corporation formed under the laws of the State of Maryland, with its principal place of business in California. Plaintiff's executives have their office in San Francisco, California, from which they control the operations of Plaintiff. Plaintiff is a computer supply company that sells hardware and software to a variety of customers around the country. Plaintiff has open contracts with various suppliers of hardware and software, such as Apple, Microsoft, Adobe, and other leading companies.

3. Defendant Federal Express Corporation ("FedEx") is a corporation formed under the laws of the State of Delaware, with its principal place of business in Tennessee.

4. Defendants Does 1 through 20 are persons whose identities and capacities are unknown to Plaintiff because these criminals concealed their identities when committing their numerous acts of wire fraud and other wrongful acts. In brief, the Doe defendants and their conspirators forged government purchase orders and then signed for approximately $430,000 worth of Apple products supplied by Plaintiff and shipped through FedEx, or else the Doe defendants were otherwise involved in the racketeering enterprise. Plaintiff names these unknown persons

1 as Does pursuant to section 474 of the California Code of Civil
2 Procedure.

### SUBJECT MATTER JURISDICTION

4  5.  This Court has subject matter jurisdiction pursuant to
5 18 U.S.C. sec. 1964(a), which confers original jurisdiction on
6 the District Courts in civil racketeering cases.  The Court has
7 supplemental jurisdiction over the transactionally related state
8 law claims pursuant to 28 U.S.C. sec. 1367(a).

### PERSONAL JURISDICTION

10  6.  This Court has personal jurisdiction over Defendant
11 FedEx because FedEx is continuously present in California, is
12 registered to do business in California with the California
13 Secretary of State and has purposefully availed itself of
14 California law, and has continuous and systematic contacts with
15 California that are sufficient to establish personal jurisdiction
16 over FedEx under the Constitution.
17  7.  This Court has personal jurisdiction over Defendants
18 Does 1 through 20 because these individuals purposefully
19 directed their criminal and tortious acts of wire fraud and
20 other racketeering activities at Plaintiff A.C.L., which is a
21 California resident.

### VENUE

23  8.  Venue is proper in this District because Plaintiff,
24 the victim of a racketeering enterprise, has its principal
25 place of business in this District and the acts, omissions, and
26 injuries of or from the racketeering activity occurred or were
27 felt in this District.  For example, FedEx accepted the packages

1  for shipment in California and therefore entered a contract in
2  California.  In addition, there is no more appropriate district
3  because the racketeering activity and the various fraudulent acts
4  occurred throughout the United States in multiple districts.
5  Accordingly, venue in this Court is proper under 28 U.S.C.
6  sec. 1391(b)(3) because the Defendants are subject to personal
7  jurisdiction in this Court and there is no better place to
8  situate the action.

**INTRADISTRICT ASSIGNMENT**

9.  Plaintiff's executives' offices are in San Francisco, and therefore Plaintiff requests that the matter be assigned to the San Francisco division.

**GENERAL ALLEGATIONS**

10.  Plaintiff ACL, which is a small business with about fifteen employees, supplies computer equipment and software to the U.S. Government and numerous other customers.  Essentially, ACL purchases the equipment from manufacturers or distributors and re-sells it to customers for a profit.

11.  Although ACL's executive offices, CEO, CFO, and other high-level employees are in the San Francisco area, Plaintiff also has a facility in Maryland in order to work closely with U.S. Government officials in the area of the nation's capital.

12.  In approximately early June 2015, Plaintiff received via email a number of purchase orders purporting to be from the Defense Logistics Agency ("DLA") and signed by a procurement officer, Bill Anderson.  The purchase orders were for approximately $430,000 of Apple products, such as iPads and

MacBooks.

13. Mr. Anderson is a real DLA procurement officer and DLA had an open account with Plaintiff, so this was nothing unusual. In addition, the orders were placed on official U.S. Government procurement forms with authentic or nearly authentic information, which also contained an electronic signature for Mr. Anderson.

14. Plaintiff attempted to confirm the orders with DLA by contacting Mr. Anderson at the phone numbers stated on the purchase orders. A person claiming to be Mr. Anderson answered the phone calls and confirmed the orders. There were also email communications in which a person claiming to be Mr. Anderson followed up on the orders. Accordingly, Plaintiff ordered some $430,000 of Apple products from its suppliers and had the products shipped directly from the suppliers to the addresses specified in the orders.

15. The addresses specified in the orders were at various military bases throughout the U.S., which was expected given that DLA was placing the orders.

16. There were seven separate purchase orders purporting to be from the U.S. Government. The items were shipped in eighty-four separate shipments through FedEx.

17. FedEx accepted the orders for shipment and attempted delivery. Numerous of the packages were refused because, obviously, no one at those addresses would claim to have placed orders for tens of thousands of dollars in Apple products when they had not actually done so. Despite the refusals of multiple packages from the same shippers to the same recipient (DLA and

its personnel), FedEx permitted the Does and their conspirators to have the packages held for pickup or redirected.

18.  The Does and conspirators picked up the packages from FedEx locations or had them redirected to addresses under the Does' and conspirators' control.  In this way, the Does and their conspirators stole the entire order of some $430,000 in Apple products.

19.  The purchase orders from DLA were fraudulent in that the real Bill Anderson never placed these orders.  Rather, the Does and their conspirators impersonated Mr. Anderson and placed false orders with forged government documents.  In other words, the Does and their conspirators committed multiple acts of wire fraud and false personation, amounting to racketeering.

20.  FedEx knew or should have known that something wrong was happening when multiple packages were refused, yet FedEx did nothing and did not notify Plaintiff or even the suppliers who shipped the products.  Further, FedEx released the packages to individuals who presented obviously false identification when picking up the packages.  This was negligent in itself but also a breach of the contract of carriage, of which ACL is in privity and also is a third party beneficiary.

21.  As a result of the criminal racketeering perpetrated by the Doe defendants and their conspirators, as well as the negligence of FedEx and breaches of FedEx's own contract of shipment, Plaintiff has suffered special damages of at least $429,618.46.

22.  Pursuant to the FedEx terms of service, Plaintiff filed

a claim with FedEx concerning the loss.  FedEx denied the claim.  This action followed.

### FIRST CAUSE OF ACTION

CIVIL RACKETEERING

A.C.L. Computers and Software, Inc. v. Does 1 through 20

23. Plaintiff incorporates the above paragraphs by reference.

24. Through the foregoing course of conduct, Defendants Does 1 through 20 engaged in a pattern of racketeering activity, specifically, at least seven acts of wire fraud and other crimes.  The conduct was in furtherance of the Defendants' racketeering enterprise, which is based in an as-yet unknown location somewhere in the United States.

25. Plaintiff suffered at least $429,618.46 in special damages as a result of the racketeering activity.

26. Wherefore, Plaintiff prays for actual damages, treble damages, punitive damages, injunctive relief, divestiture, attorney fees, and any other possible remedies against Does 1 through 20 as set forth in the Prayer.

### SECOND CAUSE OF ACTION

FRAUD

A.C.L. Computers and Software, Inc. v. Does 1 through 20

27. Plaintiff incorporates the above paragraphs by reference.

28. Through the foregoing course of conduct, Defendants Does 1 through 20 made false representations to Plaintiff on a number of occasions in approximately early June 2015.  The

representations were made to Plaintiff by unknown persons claiming to be Bill Anderson and claiming to be representatives of the Defense Logistics Agency. The representations were made through email messages from impostors claiming to be Bill Anderson on various dates in the early June 2015 time frame. In addition, the procurement forms/purchase orders sent to Plaintiff by the Defendants on or about June 5, 2015 were themselves fraudulent.

29. The representations to Plaintiff were false.

30. Plaintiff reasonably relied on the representations and believed they were true.

31. As a result of the fraud, Plaintiff suffered at least $429,618.46 in special damages, namely the loss of the products ordered by the Defendants.

32. Wherefore, Plaintiff prays for special damages of at least $429,618.46 plus punitive damages as set forth in the Prayer.

### THIRD CAUSE OF ACTION

CONVERSION

A.C.L. Computers and Software, Inc. v. Does 1 through 20

33. Plaintiff incorporates the above paragraphs by reference.

34. Through the foregoing course of conduct, Defendants Does 1 through 20 stole $429,618.46 in Apple products from Plaintiff.

35. Wherefore, Plaintiff prays for special damages of $429,618.46 as set forth in the Prayer.

**FOURTH CAUSE OF ACTION**

FALSE PERSONATION

A.C.L. Computers and Software, Inc. v. Does 1 through 20

36.  Plaintiff incorporates the above paragraphs by reference.

37.  Through the foregoing course of conduct, Defendants Does 1 through 20 impersonated U.S. Government employee Bill Anderson by electronic means for the purpose of defrauding Plaintiff, which is a violation of California Penal Code sec. 528.5(a).

38.  Pursuant to Cal. Penal Code sec. 528.5(e) and 502(e), Plaintiff prays for compensatory damages of $429,618.46, punitive damages, injunctive relief, and attorney fees as set forth in the Prayer.

**FIFTH CAUSE OF ACTION**

UNFAIR COMPETITION

A.C.L. Computers and Software, Inc. v. Does 1 through 20

39.  Plaintiff incorporates the above paragraphs by reference.

40.  Through the foregoing course of conduct, Defendants Does 1 through 20 violated at least the following statutes:

    a.   18 U.S.C. sec. 1962 (racketeering)

    b.   18 U.S.C. sec. 1343 (wire fraud)

    c.   Cal. Penal Code sec. 484 (grand theft)

    d.   Cal. Penal Code sec. 528.5 (impersonation)

41.  A violation of any law, statute, or regulation is a violation of the California Unfair Competition Law, Business

COMPLAINT

8

& Professions Code sec. 17200. Accordingly, Defendants Does 1 through 20 have violated the Unfair Competition Law and are subject to its remedies.

42. Wherefore, Plaintiff prays for restitution of $429,618.46 plus all profits made by Defendants in the fraudulent transactions, plus injunctive relief as set forth in the Prayer.

**SIXTH CAUSE OF ACTION**

BREACH OF CONTRACT

A.C.L. Computers and Software, Inc. v. Federal Express Corporation

43. Plaintiff incorporates the above paragraphs by reference.

44. Plaintiff and FedEx had a contract, or Plaintiff was in privity or was a third party beneficiary to the contracts between FedEx and Plaintiff's suppliers, who were at all times acting on behalf of Plaintiff in shipping the goods.

45. The essential terms of the contract were that Plaintiff's suppliers would ship eighty-four packages through FedEx to various locations around the United States, and FedEx would deliver them to the proper recipients.

46. Plaintiff's suppliers shipped the packages using their accounts with FedEx, although the suppliers were acting on behalf of Plaintiff in arranging the shipping.

47. Plaintiff and its suppliers did all, or substantially all, of the important things required of them under the contract, or else were excused from performing those things by the conduct of FedEx. To the extent any terms in FedEx's terms of service

are inconsistent with Plaintiff's claims or theories of relief, the terms of service are unconscionable.

48. FedEx breached the contract by knowingly or at least negligently delivering the packages to criminals whom FedEx knew or should have known were engaged in a criminal racketeering enterprise in which Plaintiff was the victim. Specifically, after numerous packages were refused, FedEx permitted the Doe defendants and their conspirators to redirect the packages or have them held for pickup, without notifying Plaintiff. In addition, FedEx released the packages to individuals who presented obviously false identification and/or were not the proper recipients.

49. Wherefore, Plaintiff prays for special damages of $429,618.46 against FedEx as set forth in the Prayer.

**SEVENTH CAUSE OF ACTION**

NEGLIGENCE

A.C.L. Computers and Software, Inc. v. Federal Express Corporation

50. Plaintiff incorporates the above paragraphs by reference.

51. FedEx owed a duty of care to Plaintiff when shipping Plaintiff's goods. Plaintiff entrusted $429,618.46 in goods to FedEx and had the right to rely on FedEx to comply with its duty of care. The duty of care included preventing the consummation of an obviously criminal, fraudulent scheme against Plaintiff when FedEx had actual knowledge of the scheme after numerous packages were refused. It would have been trivial for FedEx to

halt delivery of the packages or return them to the shippers once it became obvious that something was wrong, yet FedEx did nothing.

52. In addition, the standard of care for FedEx was heightened because the shipments were to military bases and could have involved dangerous items.

53. Through the foregoing course of conduct, FedEx breached the duty of care by allowing sophisticated thieves to steal $429,618.46 in goods from Plaintiff when FedEx was in the best position to know of and stop the fraud.

54. The breach of FedEx's duty of care caused Plaintiff's damages of at least $429,618.46. But for FedEx's negligence, Plaintiff would not have been damaged.

55. FedEx's terms of service do not preclude liability for FedEx's own negligence.

56. Wherefore, Plaintiff prays for special damages of at least $429,618.46 against FedEx as set forth in the Prayer.

**PRAYER**

1. On the first cause of action, special damages of at least $429,618.46 trebled to $1,288,855.38; punitive damages according to proof; an injunction prohibiting further racketeering activity; divestiture of Does 1 through 20 from the enterprise; and attorney fees according to proof.

2. On the second cause of action, special damages of at least $429,618.46 plus punitive damages according to proof.

3. On the third cause of action, special damages of at least $429,618.46.

4. On the fourth cause of action, special damages of at least $429,618.46; punitive damages according to proof; an injunction prohibiting further impersonation; and attorney fees according to proof.

5. On the fifth cause of action, restitution of at least $429,618.46 plus all ill-gotten gains or profits inuring to Defendants Does 1 through 20 as a result of the unfair competition; and an injunction prohibiting further unfair competition.

6. On the sixth cause of action, special damages of at least $429,618.46.

7. On the seventh cause of action, special damages of at least $429,618.46.

8. Attorney fees and costs to the extent permitted by law.

9. Such other and further relief as the Court deems just.

**DEMAND FOR JURY**

Plaintiff demands trial by jury.

Date: September 15, 2015

*Andrew Watters*
_____
Andrew G. Watters, Esq.
Attorney for Plaintiff
A.C.L. Computers and Software, Inc.