UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C.L. COMPUTERS AND SOFTWARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL EXPRESS CORPORATION, <br><br> Defendant. | Case No. 15-cv-04202-HSG <br><br> **ORDER GRANTING MOTION TO DISMISS COMPLAINT AS TO DEFENDANT FEDERAL EXPRESS CORPORATION** <br><br> Re: Dkt. No. 10 |

Pending before the Court is Defendant Federal Express Corporation's motion to dismiss Plaintiff's claims for negligence and breach of contract. *See* Dkt. No. 10 ("MTD"). For the reasons articulated below, the motion is GRANTED.

**I.  BACKGROUND**

On September 15, 2015, Plaintiff filed a complaint against Does 1-20 and Federal Express Corporation ("FedEx"). *See* Dkt. No. 1 ("Compl."). Plaintiff alleges several claims against Does 1-20 for a civil racketeering scheme that involved falsifying government purchase orders for, and ultimately stealing, $430,000 of Plaintiff's Apple products. *See id.* ¶¶ 10-19. Most relevant to the pending motion, Plaintiff alleges negligence and breach of contract against FedEx for its alleged role in failing to prevent the aforementioned scheme. *See id.* ¶ 20.

For purposes of this motion, the Court accepts the following as true:  In June 2015, Plaintiff A.C.L. Computers and Software, Inc., a computer equipment and software supplier, received purchase orders purportedly from the federal government for $430,000 of Apple products. *See id.* ¶ 12. After confirming the orders at the number provided, Plaintiff requested that its suppliers ship the products directly to the addresses listed on the purchase orders. *See id.* ¶ 14. Plaintiff's suppliers shipped the products through their FedEx accounts, on behalf of and for

the benefit of Plaintiff. *See id.* ¶ 44, 46. When FedEx attempted to deliver the shipments, many of the packages were refused, and FedEx either redirected the packages to Defendant Does or held the packages until Defendant Does retrieved them. *See id.* ¶¶ 17-18. FedEx "knew or should have known that something was happening when multiple packages were refused, yet FedEx did nothing and did not notify Plaintiff or even the suppliers who shipped the products." *Id.* at ¶ 20. Further, FedEx "released the packages to individuals who presented obviously false identification when picking up the packages." *Id.* Ultimately, the purchase orders were fraudulent, and Defendant Does stole Plaintiff's $430,000 of Apple products. *See id.* ¶ 18.

On October 20, 2015, FedEx filed the currently pending motion to dismiss Plaintiff's negligence and breach of contract claims.

**II.  DISCUSSION**

Defendant articulates three main reasons Plaintiff's claims should be dismissed: (1) the Airline Deregulation Act, 49 U.S.C. § 41713 ("ADA"), preempts Plaintiff's California common law negligence claim; (2) the ADA preempts Plaintiff's ability to bring a breach of contract claim under California law as a principal or third-party beneficiary; and (3) if the Court finds that Plaintiff can enforce the contract as a principal or third-party beneficiary, Plaintiff is bound by the FedEx Service Guide, which expressly disclaims liability for the criminal acts of others. *See* MTD at 4-8.

**A.  Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. On a motion to dismiss, the court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most

favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But, the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### B. Airline Deregulation Act (49 U.S.C. § 41713)

Congress enacted the ADA after "determining that maximum reliance on competitive market forces would best further efficiency, innovation, and low prices as well as variety [and] quality . . . of air transportation services." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992) (internal quotations omitted). To ensure that states cannot undo federal regulation, the ADA contains a preemption clause that prohibits a state from "enact[ing] or enforc[ing] a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." *See id.*; 49 U.S.C. § 41713. Thus, for the ADA to preempt state action, the action must (1) derive from the enactment or enforcement of state law and (2) "relate to" airline rates, routes, or services. *All World Prof'l Travel Servs., Inc. v. Am. Airlines, Inc.*, 282 F. Supp. 2d 1161, 1168 (C.D. Cal. 2003).

#### i. Negligence

Plaintiff's negligence claim asserts that FedEx "breached its duty of care" by "failing to prevent[] the consummation of an obviously criminal, fraudulent scheme against Plaintiff." *See* Compl. ¶ 51.

##### a. State Action

First, the Court must determine whether Plaintiff's negligence claim "derives from the enactment or enforcement of state law." FedEx contends that the claim "fall[s] comfortably within the language of the ADA pre-emption provision." *See* MTD at 5.

The ADA preempts any "state law, regulation, or other provision having the force and effect of law." *Morales*, 504 U.S. at 378; 49 U.S.C. § 41713. The Supreme Court has held that the ADA's preemption provision extends to state common law claims. *Nw., Inc. v. Ginsberg*, 134 S. Ct. 1422, 1430 (2014).

Here, Plaintiff's negligence claim attempts to hold FedEx to a state-imposed standard of care. *See* Compl. ¶¶ 5, 51-52. Whether through California common law or statute, this standard

of care indisputably "derives from the enactment or enforcement of state law."

### b. "Related To"

Next, the Court must determine whether Plaintiff's negligence claim is "related to" FedEx's rates, routes, or services. FedEx asserts that "it cannot be disputed" that the package delivery service that forms the basis of Plaintiff's complaint "is the service ordinarily provided by FedEx." *See* MTD at 6.

The words "relating to" "express a broad pre-emptive purpose." *Morales*, 504 U.S. at 383. Thus, the ADA prohibits state enforcement actions that "have a connection with or reference to" airline rates, routes, or services. *Id.* at 384. However, it does not preempt state actions that are "too tenuous, remote, or peripheral" to affect an airline's rates, routes, or services. *Id.* at 390.

In *Rowe v. N.H. Motor Transp. Ass'n*, Maine adopted a law that required tobacco retailers to use delivery services that provided a special recipient verification process upon delivery. *See Rowe v. N.H. Motor Transp. Ass'n,* 552 U.S. 364, 368-69 (2008). Among other things, the delivery service was required to ensure that the tobacco recipient was of a certain age, was the individual listed on the package, and signed for the package. *See id.* Plaintiff transport carrier associations brought suit alleging that the Maine law was preempted by the Motor Carrier Act of 1980, which was modeled after the ADA. *See id.* at 369. Relying upon its interpretation of the Motor Carrier Act's language, which is identical to that of the ADA, the Supreme Court held that the Maine statute was preempted because it directly substituted state law for market forces in direct contravention of the goal of deregulation. *See id.* at 372. In doing so, the Supreme Court reasoned that a law is related to a "service," and is therefore preempted, if it requires the airline to offer services significantly different than what the market might dictate. *See id.* at 372.[1]

---

[1] The Court acknowledges that prior to *Rowe*, the Ninth Circuit limited "service" to "such things as the frequency and scheduling of transportation, and to the selection of markets to or from which transportation is provided." *See Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259, 1265-66 (9th Cir. 1998), *opinion amended on denial of reh'g*, 169 F.3d 594 (9th Cir. 1999). However, several district courts in the Ninth Circuit have questioned whether *Charas* remains good law in the wake of *Rowe* and instead have applied *Rowe*'s broader interpretation of "service." *See Nat'l Fed'n of the Blind v. United Airlines, Inc.*, No. C 10-04816 WHA, 2011 WL 1544524, at *5 (N.D. Cal. Apr. 25, 2011), *aff'd*, No. 11-16240, 2016 WL 229979 (9th Cir. Jan. 19, 2016); *Ko v. Eva Airways Corp.*, 42 F. Supp. 3d 1296, 1303 (C.D. Cal. 2012). This Court agrees that *Rowe*'s

4

Here, as in *Rowe*, Plaintiff's negligence claims relate directly to FedEx's services — delivery of packages. *See* Compl. Plaintiff alleges that FedEx was negligent because it "knew or should have known that something was happening when multiple packages were refused," yet failed to take additional action or notify Plaintiff or its suppliers of the abnormalities. *See id.* ¶ 20. In other words, Plaintiff asks this Court to impose a California standard of reasonableness in place of the market forces which currently dictate FedEx's delivery practices, thereby creating the "state regulatory patchwork" that the Supreme Court forbade in *Rowe*. *See Tobin v. Fed. Exp. Corp.*, 775 F.3d 448, 455 (1st Cir. 2014) (citing *Rowe*, 552 U.S. 364 at 373). Exposing FedEx to this additional liability would inevitably impact both its services and the prices passed to customers. *See Aretakis v. Fed. Exp. Corp.*, No. 10 CIV. 1696 JSR KNF, 2011 WL 1226278, at *4 (S.D.N.Y. Feb. 28, 2011), *report and recommendation adopted*, No. 10 CIV. 1696 JSR, 2011 WL 1197596 (S.D.N.Y. Mar. 25, 2011) ("Exposing FedEx to liability for negligence for exercising discretion in its delivery decisions may also have a direct impact on the fees it charges for its services, as it is likely to pass on any added costs associated with this exposure to its customers.").

Because Plaintiff's negligence claim seeks to "require services significantly different than what the market might dictate," and these service changes would likely impact FedEx's prices, the Court finds Plaintiff's claim related to both FedEx's services and prices.

//
//
//
//
//
//

---

analysis is controlling here. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) ("[W]here the reasoning or theory of [] prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority," a district court "should consider itself bound by the later and controlling authority, and should reject the prior circuit opinion as having been effectively overruled.").

5

### c. Federal Aviation Act Savings Clause

Plaintiff maintains that even if its negligence claim falls under the ambit of the ADA, the Federal Aviation Act ("FAA") savings provision preserves its claim because California's common law pre-dates the FAA. *See* Dkt. No. 16 ("Opp'n") at 4. Plaintiff's argument derives from the language of the FAA savings clause, which declares that the ADA "is in addition to any other remedies provided by law." 49 U.S.C. § 40120.

Plaintiff misinterprets the FAA savings clause. The Ninth Circuit has clarified that "the FAA's saving clause preserves only 'other *remedies* provided by law,' 49 U.S.C. § 40120(c) (emphasis added), not claims brought under state statutes prescribing substantive standards of care." *Nat'l Fed'n of the Blind v. United Airlines Inc.*, No. 11-16240, 2016 WL 229979, at *8 (9th Cir. Jan. 19, 2016). Further, these remedies are only preserved "provid(ed) that such remedies do not significantly impact federal deregulation." *Charas*, 160 F.3d at 1265.

Thus, Plaintiff's state law negligence claim, which seeks to impose a substantive California standard of care upon FedEx, is not preserved by the FAA savings clause.

The Court holds that Plaintiff's negligence claim arising under California law is preempted by the ADA because it both derives from the enactment or enforcement of state law and relates to FedEx's services and prices. Accordingly, Defendant's motion to dismiss Plaintiff's negligence claim is GRANTED.

The ADA preempts any state common law negligence claim, and thus, any amendment to Plaintiff's California common law negligence claim would be futile. As such, the Court dismisses Plaintiff's California common law negligence claim with prejudice. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir.), *amended by* 856 F.2d 111 (9th Cir. 1988).

### ii. Breach of Contract

Next, Plaintiff contends that it was either a principal or third-party beneficiary of the contract of carriage and that FedEx breached the essential terms of the contract by "knowingly or at least negligently delivering the packages to criminals." *See* Compl. ¶¶ 44, 48.

### a. State Action

The Parties do not dispute that the ADA permits breach of contract claims arising under

state law. *See* MTD at 6; Opp'n at 3. Instead, FedEx argues that because Plaintiff was not a signatory to the contract, Plaintiff's use of California agency or third-party beneficiary law to enforce the contract improperly expands FedEx's liability beyond the four corners of the contract. *See* MTD at 7.

The Supreme Court has held that the ADA does not preempt breach of contract actions because such actions do not seek to enforce state laws or regulations but instead enforce an airline's "own, self-imposed undertakings." *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228-29 (1995). "Market efficiency requires effective means to enforce private agreements," and thus, enforcement of breach of contract claims aligns with the ADA's goal of deregulation. *Id.* at 230.

However, Plaintiff does not allege that Plaintiff itself entered into a contract with FedEx, the terms of which FedEx later breached. Instead, Plaintiff asserts that its suppliers entered into a contract with FedEx, and by applying agency or third-party beneficiary law, the Court should permit Plaintiff to seek a remedy for FedEx's breach of contract. *See* Compl. at 9. In support of this theory, Plaintiff argues that "[a]s to the law of agency, it is the law in California and most other jurisdictions that a contract between an agent with an undisclosed principal and a third party is enforceable by either the agent or the principal, as if the principal had made the contract personally." *See* Opp'n at 5. Further, citing several California state court cases, Plaintiff argues that "[a]s to the law of third party beneficiaries, it is not necessary that an intent to benefit a third party be manifested by the promisor." *See id.* at 6.

From these statements and citations, the Court finds it unequivocal that Plaintiff's breach of contract claim "derive[s] from the enactment or enforcement of state law." *See All World Prof'l Travel Servs.*, 282 F. Supp. 2d at 1168; *see also* Cal. Civ. Code § 2330; Cal. Civ. Code § 1559. As with Plaintiff's negligence claim, applying various state agency and third-party beneficiary laws to airline contracts risks creating a "state regulatory patchwork" in direct contravention of Congress's intent when it enacted the ADA. *See Rowe*, 552 U.S. at 373. Whether an airline could be held liable for breach of contract by a principal or third-party beneficiary would depend entirely upon the applicable state law.

As such, Plaintiff's breach of contract claim that arises under a California agency or third-

7

party beneficiary theory derives from the application of state law.

### b. "Related To"

Plaintiff's breach of contract claim is premised upon precisely the same conduct as its California negligence claim — the allegedly improper delivery of Plaintiff's Apple products. As established above, FedEx's delivery processes are directly related to its services and its prices passed to customers.

Accordingly, the Court holds that Plaintiff's breach of contract claim brought under a California agency or third-party beneficiary theory requires the enforcement of state law and is related to FedEx's services and prices. Thus, as pled, Plaintiff's breach of contract claim is preempted by the ADA.[2]

The Court GRANTS FedEx's motion to dismiss Plaintiff's breach of contract claim. If it has a Rule 11 basis for doing so, Plaintiff may amend its complaint to assert that the contract of carriage itself or any applicable federal laws permit Plaintiff to bring a breach of contract claim against FedEx.

### c. FedEx Service Guide

Because the Court has granted FedEx's motion to dismiss as to both claims against FedEx, the Court need not address FedEx's argument that Plaintiff is bound by the FedEx Service Guide that expressly disclaims liability for the criminal acts of others. *See* MTD at 8.

However, in the event that Plaintiff files an amended complaint, the Court notes that under the incorporation by reference doctrine, the Court has discretion to consider on a motion to dismiss "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012); *see also United States v. Ritchie*, 342

---

[2] Plaintiff also asserts that "[t]o the extent any terms in FedEx's terms of service are inconsistent with Plaintiff's claims or theories of relief, the terms of service are unconscionable." *See* Compl. ¶ 47. However, "[d]eciding whether FedEx may contractually limit its liability is a matter of 'substantive standards' based on 'policies external to the agreement,' *Wolens,* 513 U.S. at 232–33, 115 S.Ct. 817, and any state law purporting to decide that question is preempted by the ADA." *Ins. Co. of N. Am. v. Fed. Exp. Corp.*, 189 F.3d 914, 926 (9th Cir. 1999). Thus, the ADA preempts any attempt by Plaintiff to deem the contract of carriage unconscionable under California law.

F.3d 903, 908 (9th Cir. 2003). Here, Plaintiff references the contract of carriage in its complaint. *See* Compl. at ¶ 20. Accordingly, if FedEx submits the contract of carriage along with the Service Guide, the Court might be inclined to consider the entire document in deciding any future motion to dismiss. However, the Court will not consider the Service Guide at the motion to dismiss stage based on a declaration claiming that every Pricing Agreement between FedEx and its United States customers contains a clause referencing the Service Guide. *See* MTD at 8.

### III.     CONCLUSION

For the foregoing reasons, the motion to dismiss Plaintiff's complaint as to FedEx is GRANTED. Plaintiff may file an amended complaint consistent with this Order as to Defendant FedEx within 21 days, if it can do so consistent with its obligations under Rule 11.

**IT IS SO ORDERED.**

Dated: March 4, 2016

*/s/ Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge