UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C.L. COMPUTERS AND SOFTWARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL EXPRESS CORPORATION, <br><br> Defendant. | Case No. 15-cv-04202-HSG <br><br> **ORDER OF DISMISSAL** <br><br> Re: Dkt. Nos. 36 , 37 |

On March 4, 2016, the Court granted Defendant Federal Express's motion to dismiss the complaint as to Federal Express. Dkt. No. 22. In its March 4th order, the Court dismissed Plaintiff's California negligence claim with prejudice as barred by the Airline Deregulation Act. However, the Court explicitly granted Plaintiff leave to amend its breach of contract claim, stating:

> The Court GRANTS FedEx's motion to dismiss Plaintiff's breach of contract claim. If it has a Rule 11 basis for doing so, Plaintiff may amend its complaint to assert that the contract of carriage itself or any applicable federal laws permit Plaintiff to bring a breach of contract claim against FedEx.

*Id.* at 8. Despite the Court's leave to amend, Plaintiff filed a notice of appeal on April 1, 2016. Dkt. No. 25.

Given that an order dismissing a complaint with leave to amend is not appealable, *see WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997), the Court held a case management conference on April 19, 2016. Dkt. No. 31. During the case management conference, Plaintiff informed the Court that it wishes to immediately appeal the Court's dismissal of Federal Express rather than amend the complaint or proceed against the remaining Doe Defendants. *See id.* In light of this representation, the Court instructed Plaintiff to file the

necessary documents by May 3, 2016, to obtain a final appealable judgment. *Id.*

On May 3, 2016, Plaintiff sought certification of the dismissal of its claims against Federal Express under Rule 54(b), while representing that it believed that it could not proceed against the Doe Defendants until the Ninth Circuit issued a decision regarding Federal Express's dismissal. Dkt. No. 32. On May 31, 2016, the Court issued an order denying Plaintiff's motion for entry of final judgment. Dkt. No. 33. In its May 31st order, the Court directed Plaintiff to file notice with the Court within three days, indicating whether it would like to (1) dismiss the Doe Defendants without prejudice and decline amendment of its complaint in favor of appeal; (2) amend its breach of contract claim as to Federal Express; or (3) proceed against the Doe Defendants without Federal Express. *Id.* at 5. Plaintiff failed to file the required notice with the Court, and on June 7, 2016, the Court issued an order to show cause why the Court should not dismiss the action with prejudice in light of Plaintiff's failure to respond to the Court's May 31st order. Dkt. No. 34. In its June 10, 2016, response to the Court's order to show cause, Plaintiff confirms that it will not amend its complaint and intends to appeal the Court's dismissal of Defendant Federal Express instead. Dkt. No. 36. Plaintiff subsequently dismissed the Doe Defendants without prejudice. Dkt. No. 37.

When a plaintiff has declined amendment of his complaint in favor of appealing the dismissal, the court should dismiss the action with prejudice under Federal Rule of Civil Procedure 12(b)(6). *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004).

Accordingly, this action is DISMISSED with prejudice under Rule 12(b)(6). The Clerk shall enter judgment in favor of Defendant Federal Express. Both parties shall bear their own costs of suit.

**IT IS SO ORDERED.**

Dated: June 13, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge